By the Court.
Sedgwick, Ch. J.
The action was for damages from a breach of an alleged promise to marry. The judge in his charge said, “It is not a question of an implied promise. You cannot from the evidence in this case infer that the defendant promised to marry the plaintiff. You cannot infer that promise from any other act than the express words of the defendant. The plaintiff does not claim it.” At the end of "the charge the plaintiff’s counsel excepted to that part of' the charge which says, “the jury cannot infer there was a promise of marriage from the acts of the parties, but must find that there was an express promise.” If the plaintiff had not testified that the defendant expressly promised to marry her, and did not rely on such a promise, but on an inference to be drawn from certain acts and talk of the defendant, to which she testified, the learned judge would not have made the remark that was excepted to. If, in fact, the plaintiff did not claim upon an inference to be made from the circumstances, but preferred to stand upon her testimony that there was an express promise, the judge was not in error in confining the attention of the jury to the latter. The judge, as it has been shown, said that the plaintiff did not rest upon an implied promise. The counsel for plaintiff did not except to this, and by omitting to except to it, justified the judge in thinking that plaintiff’s claim did not extend to an implied promise. If that were the case, the judge’s instructions that were excepted to, were not erroneous.
In Hazewell v. Coursen (81 N. Y. 630), where the judge below declared to the jury that the plaintiff had not taken a certain position on the trial, and this was disputed at the time, it was held that certain parts of the charge, that could only be justified by the fact that plaintiff had not limited herself to the position specified, were erroneous, *43 as it did not otherwise appear in the case, that the plaintiff had made the limited claim. In the present case, the plaintiff’s counsel did not declare to the judge that the plaintiff did not rely on the express promise only. The exception does not call for a new trial.
Other exceptions have been examined and the examination does not disclose matter that calls for a new trial. One was to the court, excluding the question, “Take it in 1882 and 1883, did you furnish any brief to the Bishop ?” The question inquired as to a time, for instance, the second half of 1883, when it was immaterial whether the subject of the question happened.
Judgment affirmed, with costs.
Van Vorst and Freedman, JJ., concurred.